FLORINDA COBB, in equity, vs. SHUBAEL A. BAKER and others.

Androscoggin.    Opinion February 27, 1901.

*Equity.    Practice.    Chan. Rule IV.    Deed.    Covenant.*

1. Bills in equity must be drawn "succinctly and in paragraphs numbered seriatim" as required by the fourth Chancery Rule (82 Me. 595), else they are liable to dismissal with costs for want of due form.

2. In a bill in equity to procure the cancellation of a written instrument, a copy of the instrument should be made a part of the bill. A mere allegation of the legal effect of the instrument if left uncancelled is not sufficient.

3. If the warrantor of a title executes at the request of the warrantee an instrument which may injure the title, the warrantor is not thereby made liable upon his covenant of warranty, and hence cannot maintain a bill in equity to clear the title from such instrument, without allegation and proof that such warrantee has upon request refused to move in the matter.

4. When it is not clear that the plaintiff may not really have some grounds for relief under additional allegations, the dismissal of the bill may be made without prejudice.

Bill for cancellation.    Bill dismissed.

The bill was brought against Shubael A. Baker, Benjamin Spaulding, administrator of Aaron S. Cobb and E. Adron Gammon, to annul the cancellation of a mortgage, and was heard on bill, demurrers, answers and proofs. The justice who heard the case, sustained the demurrers, and made the following findings:

Florinda Cobb, the complainant, was the wife of Aaron S. Cobb, late of Buckfield, who died September 29, 1895. In his lifetime, Aaron S. Cobb owned the real estate described in the bill, and which is the subject matter of this controversy. September 23, 1879, Aaron S. Cobb mortgaged said real estate to Alden Bessey to secure the payment of his note for $1500, payable to the said Bessey's order, on demand with interest. $782.00 were paid on said note, October 1, 1879. Bessey sold and delivered said note, and assigned said mortgage to the complainant, September 23, 1884, but the note was not indorsed by said Bessey, the payee. The complainant continued to be the owner of said note and mort-

gage security, and in the actual possession of said premises from the date of said assignment until June 9, 1899. The mortgage was never foreclosed. June 9, 1899, the complainant and the heirs of Aaron S. Cobb conveyed the premises by warranty deed to the defendant Shubael A. Baker, for the consideration of one thousand dollars, which was the fair market value of the land conveyed. On the same day the complainant executed, under seal, a discharge of said mortgage. The warranty deed and the discharge of the mortgage were duly recorded in the Oxford registry of deeds in the month of July, 1899. The complainant alleges and I find that she executed the discharge of the mortgage "at the request of said Baker, and solely for the purpose of clearing the record title of said property."

I further find that the defendant Benjamin Spaulding is the duly appointed administrator of the estate of Aaron S. Cobb, and that the defendant, E. Adron Gammon, at the date of the said conveyance to Baker, and of the discharge of said mortgage, was and still is a creditor of the estate of said Aaron S. Cobb, the indebtedness consisting of an outstanding judgment against said Aaron S. Cobb, in his lifetime, which still remains unpaid. I find that the said Spaulding, unless restrained, intends to petition the probate court for license to sell said real estate as unincumbered, and upon license being granted, to sell the same, to pay any debts of said estate, including the claim of said Gammon.

I further find that the complainant was fully apprised of the existence of the Gammon claim prior to the date of the conveyance to Baker, and the execution of the discharge of the mortgage, but that she denied the validity thereof. I find that said Spaulding, while the mortgage remained an incumbrance, and afterwards, but before he knew the mortgage had been discharged, expressed his opinion to the complainant and her attorneys that the debt of Gammon was not collectible. Spaulding's statements were made upon the supposition that there was due the complainant upon the debt secured by the mortgage more than the fair value of the property mortgaged.

I do not find that the complainant was deceived or misled by

any statements of said Spaulding, as to the existence of the Gammon debt against her husband's estate, but rather, if anything, she miscalulated the effect in law of discharging the mortgage. Accordingly, I find that the execution of the discharge of the mortgage was not induced by fraud; nor by any mistake of fact on the part of the complainant. The evidence satisfies me that she did just what she intended to do, namely, to clear the record title.. I am of opinion that this state of facts does not entitle her to equitable relief as prayed for.

It is therefore ordered, adjudged and decreed that the bill of the complainant be dismissed, and that the defendants, Spaulding and Gammon, recover a single bill of costs against the complainant.

The plaintiff took an appeal.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

The question for the court is, under the evidence, can the administrator sell for the payment of the debt any more than the interest or equity above the mortgage that Aaron S. Cobb owed at the time of his death. The bill requested the court to pass upon and determine this question, and yet the decree is silent thereon and should contain a decision on this point. It is proper to settle once for all this controversy and not to be obliged to begin in the probate court and come up again to this court when all parties are here and matters can be speedily determined. Can the administrator sell any more than the equity of Aaron S. Cobb which he owned at the time of his death to satisfy a debt of the intestate?

The equities of this case are clearly with the complainant. She relied on the statement of the creditor and his friendly administrator that they could not collect the execution, for she owned the estate. *Kingsley* v. *Davis*, 74 Maine, 498.

*E. Foster and O. H. Hersey*, for defendants.

No fraud or mistake is alleged in the bill. Plaintiff was not misled or deceived. *Butman* v. *Hussey*, 30 Maine, 266; 1 Sto. Eq. § 146. She did not exercise reasonable diligence. *Parlin* v. *Small*, 68 Maine, 291; *Stover* v. *Poole*, 67 Maine, 217, 218. It must appear upon what ground relief is asked. *Abbott* v. *Treat*,

78 Maine, 121, 125, 126; *Andrews* v. *Andrews*, 81 Maine, 337. The mistake must be of both parties. *Young* v. *McGown*, 62 Maine, 56.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

EMERY, J. Defenses were made to this bill by answer and by demurrer inserted in the answer, as provided by the fourteenth Chancery rule. The justice hearing the cause in the first instance, sustained the demurrer, but, with the consent of the parties, also heard the evidence and made certain findings of facts thereon. His decree was that the bill be dismissed with one bill of costs for two of the defendants. The plaintiff thereupon appealed. The bill as now drawn is demurrable and must be dismissed, for several reasons:

1.   It is not "drawn succinctly and in paragraphs, numbered seriatim"— as required by the fourth Chancery rule, 82 Maine, 598.   This rule is not to be disregarded.   Its observance is necessary to enable the defendant to frame his answer so as to be "concise and direct in statement and to particularly answer each paragraph of the bill" as required by the tenth Chancery rule.   Its observance is also essential to that lucid and orderly statement now required in all chancery pleadings.

2.   We gather from the somewhat confused statements in the bill that the plaintiff had conveyed her interest, as mortgagee in certain real estate, to the defendant Baker, and then, at his request, executed another instrument which was recorded and which she says operated to discharge the mortgage instead of assigning it, and which thus let in a creditor of the mortgagor ahead of the mortgage.   This instrument she prays to have cancelled, in order that the mortgage may appear to have been assigned, and not discharged.   What the actual legal operation of the instrument was, is a question of law, to be determined from the language of the instrument itself read in the light of surrounding circumstances,— yet the words of the instrument are not set out in the bill, nor is

any copy of it annexed.    Facts are not stated making it apparent that the instrument did operate to discharge the mortgage.    The court cannot act upon her belief, or conclusions, as to the law or the legal effect of the instrument.    The court must have facts alleged and proved upon which to form its own conclusion of law.

3.    The instrument above referred to is alleged to have been executed at the request of the defendant Baker, who had taken a conveyance of her interest as mortgagee by her warranty deed and by a transfer of the mortgage deed and the notes to him. Having parted with all her title and interest in the mortgage, the debt and the land, she does not seem to have much concern with the effect of the instrument.    Mr. Baker, the purchaser, seems to be principally and directly concerned with that question.    If the instrument he asked to have executed and recorded does discharge the mortgage and let in the creditors of the mortgagor before him, he will be the one to suffer, and if relief can be had in equity he would seem to be the party who should ask and receive it.

It is suggested that if Mr. Baker should be evicted from the land by the creditors of the mortgagor, he could maintain an action against the plaintiff on her covenant of warranty, and that this contingency entitles her to maintain this bill for relief.    It must be borne in mind that the instrument in question was executed and recorded at the request and by the procurement of Mr. Baker himself.    If this act of Mr. Baker has given birth to a title superior to his, it would not seem to be a breach of the plaintiff's covenant of warranty.    He can hardly recover damages of her for the consequence of acts done at his own request and procurement.    A covenantee in a convenant of warranty cannot himself create a superior title and then recover compensation therefor from the covenantor.    In any event, Mr. Baker should be given the opportunity to bring a bill in his own name, and only in the event of his refusal, alleged and proved, should her bill be considered.    Such request and refusal are not alleged.

Though the bill must be dismissed with costs, as decreed by the justice hearing the cause in the first instance, it may be that upon proper allegations and evidence Mr. Baker, and even this plaintiff,

could show cause for the relief prayed for. Out of abundance of caution, therefore, we think the decree should be modified so that the dismissal shall be without prejudice.

> *Decree below is ordered to be modified, so as to be a decree*
> *of dismissal, with one bill of costs for the two defendants*
> *named, with costs of this court, but without prejudice.*